UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
PATRICK HYE,

                Plaintiff,

  -against-

UNITED STATES OF AMERICA,

                Defendant.
-----------------------------------------------------------------X

21 Civ_____

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, **PATRICK HYE,** by his attorneys, **JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, LLP** as and for his Complaint against the Defendant alleges, upon information and belief, as follows:

## JURSIDICTION

1. At all times hereinafter mentioned, Plaintiff, **PATRICK HYE**, resided at 228 Mounts Mills Road, Monroe Township, NJ 08831.

2. The Defendant, United States of America, is a public entity.

3. That at all times hereinafter mentioned, Defendant, **UNITED STATES OF AMERICA**, by its agents, servants and employees, controlled, managed and operated the MANHATTAN VA MEDICAL CENTER located at 423 East 23rd Street, New York, New York 10010, in the County of New York, State of New York, for the care and treatment of persons afflicted with illness and disease.

4. By passage of the Federal Tort Claims Act, 28 U.S.C. Section 1346(b) and 28 U.S.C. Section 2671-2680, the Defendant, **UNITED STATES OF AMERICA**, consented to be sued in actions sounding in Tort and Section 1346(b) of said Act specifically grants the Federal District Courts exclusive jurisdiction over torts allegedly committed by the Defendant, **UNITED STATES OF AMERICA**, its agencies, servants and/or employees.

5. The Jurisdiction of this Court is predicated upon U.S.C. Section 1346(b) and upon 28 U.S.C. Section 1331 in that it arises under the laws of the United States of America.

6. The amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

7. Plaintiff, **PATRICK HYE**, presented his claim to the appropriate federal agency, U.S. Department of Veteran Affairs, Office of the General Counsel, 810 Vermont Avenue, NW Washington, DC 20420.

8. By letter dated January 26, 2021, the U.S. Department of Veterans Affairs denied the claim.

9. Pursuant to 28 U.S.C. 2401(b), the Plaintiff has six (6) months from receipt of denial of the administrative claim to file suit in the United States District Court, which would be July 26, 2021.

### AS AND FOR A FIRST CAUSE OF ACTION
### FOR MEDICAL MALPRACTICE

10. Plaintiff, **PATRICK HYE,** repeats and realleges each and every allegation contained in Paragraphs numbered **"1"** through **"9",** inclusive, of this Verified Complaint, with the same force and effect as if set forth herein at length.

11. That Plaintiff, **PATRICK HYE,** came under the care of the Defendant, **UNITED STATES OF AMERICA,** on or about January 15, 2018.

12. That the Defendant, **UNITED STATES OF AMERICA** performed surgery upon the Plaintiff, **PATRICK HYE** on March 15, 2018, at the MANHATTAN VA MEDICAL CENTER located at 423 East 23rd Street, New York, New York 10010.

13. That on March 15, 2018, the Defendant, **UNITED STATES OF AMERICA,** by and through its agents, servants and employees performed a C3 to T1 laminectomy and posterior instrumented fusion with use of autograft and allograft upon the Plaintiff, **PATRICK HYE**.

14. That the surgery was performed by JAMES L. STONE, M.D., PETER ROZMAN, M.D., OMAR TANWEER, M.D., ALEKSANDER BERIC, M.D, MING XU.

15. That upon information and belief, JAMES L. STONE, M.D., PETER ROZMAN, M.D., OMAR TANWEER, M.D., ALEKSANDER BERIC, M.D, MING XU are affiliated with NYU LANGONE HOSPITAL but have privileges to treat patients at the MANHATTAN VA MEDICAL CENTER.

16. That upon information and belief, JAMES L. STONE, M.D., PETER ROZMAN, M.D., OMAR TANWEER, M.D are neurosurgeons who performed Plaintiff, **PATRICK HYE's** neurosurgery on March 15, 2018, at the MANHATTAN VA MEDICAL CENTER located at 423 East 23rd Street, New York, New York 10010.

17. That ALEKSANDER BERIC, M.D provided intra-operative neurophysiology monitoring during the Plaintiff, **PATRICK HYE's** neurosurgery performed on March 15, 2018, at the MANHATTAN VA MEDICAL CENTER located at 423 East 23rd Street, New York, New York 10010.

18. That the MING XU provided intra-operative neurophysiology monitoring during the Plaintiff, **PATRICK HYE's** neurosurgery performed on March 15, 2018, at the MANHATTAN VA MEDICAL CENTER located at 423 East 23rd Street, New York, New York 10010.

19. That Defendant THE UNITED STATES OF AMERICA rendered pre-operative, intra-operative and post-operative care to the Plaintiff.

20. That the Plaintiff, **PATRICK HYE**, continued to receive care from the Defendant **UNITED STATES OF AMERICA** until approximately July 20, 2018.

21. At all times herein mentioned, the Defendant **UNITED STATES OF AMERICA** had a duty to use reasonable and proper care in its efforts to care for, treat and medicate said Plaintiff.

22. That Defendant **UNITED STATES OF AMERICA**, in rendering services to the Plaintiff, owed him the duty to use the degree of care, skill and diligence used by physicians, nurses, nursing assistants, medical residents, surgeons and neurosurgeons, generally in the community.

23. That Defendant **UNITED STATES OF AMERICA**, in rendering services to the Plaintiff, owed him the duty to use the degree of care, skill and diligence used by neurophysiologists, and neurophysiology technicians generally in the community.

24. That Defendant, **UNITED STATES OF AMERICA**, in rendering services to the Plaintiff, by and through its, agents, servants and employees, including but not limited to JAMES L. STONE, M.D., PETER ROZMAN, M.D., OMAR TANWEER, M.D., ALEKSANDER BERIC, M.D, MING XU, owed him the duty to use the degree of care, skill and diligence used by hospitals, and in particular hospitals providing neurosurgery and neurophysiology services generally in the community.

25. That Defendant, **UNITED STATES OF AMERICA** in acting by itself and through its agents, servants and employees, failed to use due, reasonable and proper care in treating the Plaintiff and deviated from accepted standards of medical care prevailing in the areas of medicine, surgery, nursing, neurosurgery and neurophysiology and the Defendant **UNITED STATES OF AMERICA** by and through its agents, servants and employees, failed to exercise the knowledge,

skill and diligence, which as physicians, neurosurgeons, and neurophysiologists it should have possessed and exercised on behalf of the Plaintiff, and were otherwise careless and negligent.

26. That Defendant, **UNITED STATES OF AMERICA**, by and through its servants, agents and employees failed to use due, reasonable and proper care in treating the Plaintiff and deviated from the accepted standards of medical care and practice followed by physicians, surgeons, nurses, medical professionals, hospitals, and long-term care facilities in the community treating the conditions from which the Plaintiff was suffering.

27. That as a result of the foregoing, the Plaintiff, **PATRICK HYE**, has sustained serious, severe and irreversible personal injuries, and pain and suffering, and lost earnings.

28. That solely as a result of the aforesaid injuries due to the improper care and treatment on the part of the Defendant, the Plaintiff, **PATRICK HYE**, has been subjected to repeated medical therapy, examinations, tests, medications, hospitalizations, and other care, and the Plaintiff, **PATRICK HYE**, will continue to require such further treatment in the future.

29. That the Plaintiff, **PATRICK HYE**, has sustained the injuries and damages set forth solely by reason of the carelessness, negligence and lack of skill of the Defendant, without any negligence or carelessness on the part of Plaintiff, **PATRICK HYE**.

30. That the damages sought herein in this matter exceed the jurisdictional limits of all lower Courts, which would otherwise have jurisdiction.

31. That due to the Defendant's negligent conduct, the Plaintiff, **PATRICK HYE**, has been damaged in the sum of TWENTY MILLION ($20,000,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION
## LACK OF INFORMED CONSENT

32.     Plaintiff, **PATRICK HYE,** repeats and realleges each and every allegation contained in Paragraphs numbered **"1"** through **"31",** inclusive, of this Verified Complaint, with the same force and effect as if set forth herein at length.

33.     The Defendant was under a duty and obligation to advise and inform the Plaintiff, **PATRICK HYE**, of the inherent dangers, risks, and consequences of the medical treatment and procedures recommended by the Defendant, and that the Defendant failed, neglected, and/or refused to advise, inform, notify the Plaintiff, **PATRICK HYE**, of the apparent risk and possible complications and dangers which might result in the aforesaid procedures and/or treatment recommended.

34.     The Defendant failed, neglected, and/or refused to inform, advise, notify, and counsel the Plaintiff, **PATRICK HYE**, of the possible inherent dangers and risks of said procedures and treatment recommended and performed, and failed to advise and inform the Plaintiff, **PATRICK HYE**, of any other method of treatment which might have been used to alleviate the condition from which the Plaintiff, **PATRICK HYE**, was suffering.

35.     Said failure to advise, inform, notify, and counsel the Plaintiff, **PATRICK HYE**, did not afford him adequate knowledge and information so as to determine whether or not he should submit to the aforesaid treatment and, therefore, the Plaintiff, **PATRICK HYE**, did not give his informed consent, based upon adequate knowledge of the risks and dangers of the procedures; but rather, consented based upon information which was inadequate and insufficient upon which to base a decision to submit to the said procedure.

36.     By reason of the aforesaid, the treatment given herein was not based upon adequate and sufficient knowledge or informed consent.

37. Plaintiff, **PATRICK HYE**, has sustained the injuries and damages, as set forth, solely by reason of the carelessness, negligence, and unskillfulness of the Defendant, without negligence or carelessness on their parts contributing thereto.

38. That due to the Defendant's negligent conduct, the Plaintiff, **PATRICK HYE**, has been damaged in the sum of TWENTY MILLION ($20,000,000.00) DOLLARS.

**WHEREFORE**, the Plaintiff, **PATRICK HYE,** demands judgment against the Defendant on the FIRST CAUSE OF ACTION in the sum of TWENTY MILLION ($20,000,000.00) DOLLARS, on the SECOND CAUSE OF ACTION in the sum of TWENTY MILLION ($20,000,000.00) DOLLARS, together with costs, interest, and disbursements of this action, and for such other and further relief that this Court deems just and proper.

Dated: New York, New York
       July 22, 2021

                                           **JAVERBAUM WURGAFT HICKS
                                         KAHN WIKSTROM & SININS, P.C.**
                                         Attorneys for Plaintiffs

By: _____
                                           **CHRISTINA CTORIDES, ESQ.**
                                           589 Eighth Avenue, 21st Floor
                                           New York, New York 10018
                                           (212) 596-7656

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PATRICK HYE,

      Plaintiff,        21 Civ_____

 -against-            **JURY DEMAND**

UNITED STATES OF AMERICA,

      Defendant.


------------------------------------------------------------------X

**JURY DEMAND**

 **PLEASE TAKE NOTICE** that the Plaintiff demands a trial by jury on all the issues herein.

Dated: New York, New York
    July 22, 2021

               **JAVERBAUM WURGAFT HICKS**
               **KAHN WIKSTROM & SININS, P.C.**
               Attorneys for Plaintiff

       By: _/s/ Christina Ctorides_____
               **CHRISTINA CTORIDES, ESQ.**
               589 Eighth Avenue, 21st Floor
               New York, New York 10018
               (212) 596-7656

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PATRICK HYE,
                                                                        21 Civ_____
                        Plaintiffs,
        -against-                                                       CERTIFICATE
                                                                        OF MERIT
UNITED STATES OF AMERICA,

                        Defendant.
-----------------------------------------------------------------X
```

**CHRISTINA CTORIDES**, a member of the law firm of **JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, PC** hereby affirms the truth of the following:

That pursuant to the Rules of Civil Procedure §3012(a), the deponent states that she has conferred with a physician who is a specialist in the field in which the Defendant's practice medicine and has been advised that sufficient basis exist for the commencement of this medical malpractice suit.

Dated: New York, New York
       July 22, 2021

                                                            _____
                                                            **CHRISTINA CTORIDES**

9

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PATRICK HYE,
                                                                    21 Civ_____
                         Plaintiffs,
       -against-                                                    **ATTORNEY
                                                                    VERIFICATION**

UNITED STATES OF AMERICA,

                         Defendant.
----------------------------------------------------------------X
```

Christina Ctorides, an attorney duly admitted to practice law before the Courts of the State of New York, and the United States District Court for the Southern District of New York, hereby affirms the following:

I am a member of the law firm of **JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C.,** attorneys for the Plaintiff PATRICK HYE in the within action. That I have read the foregoing Verified Complaint and know the contents thereof; that the same is true, to my knowledge, except as to the within matters stated to be alleged upon information and belief, and that, as to those, I believe them to be true. That the source of my information is papers and records in Deponent's possession and file. That the reason this Verification is made by your Deponent, and not by said Plaintiff, is that the Plaintiff is not within the County where Deponent maintains her office.

Dated: New York, New York
       July 22, 2021

_____
Christina Ctorides

10