

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

May 10, 2022

**By ECF**
Honorable Lorna G. Schofield
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York  10007

> By **May 18, 2022**, Plaintiff shall file a response, not to exceed two pages. Failure to comply with the Court's orders may result in sanctions, including dismissal of this case.
>
> Dated:  May 11, 2022
>   New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

Re:   *Patrick Hye v. United States of America et al.*, 21 Civ. 6304 (LGS)

Dear Judge Schofield:

    I write respectfully on behalf of Defendant United States of America (the "Government") in the above-referenced matter. Pursuant to Sections II.B.2 and III.C.3 of this Court's Individual Rules, Federal Rule of Civil Procedure 37, and Local Rule 37.2 of the United States District Court for the Southern District of New York, I write respectfully to request a conference in connection with the Government's anticipated motion to compel Plaintiff Patrick Hye ("Plaintiff") to respond to outstanding discovery requests. In the alternative, the Government is prepared to move for dismissal in light of Plaintiff's failure to prosecute the case.

    Plaintiff brings this medical malpractice action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346 and 2671-2680 ("FTCA"), alleging that that his cervical spinal surgery on March 15, 2018, at the Veterans Affairs ("VA") hospital in Manhattan, was improperly performed, including by individuals employed by the VA, as well as co-defendant Omar Tanweer, who was then-employed by co-defendant NYU Langone Hospitals. (ECF No. 24 ("Am. Compl.") ¶¶ 30-39.) Plaintiff claims that the Government and its co-defendants deviated from the standard of care, rendered negligent medical treatment to him, and he suffered injuries as a result. (*Id.* ¶¶ 43-47.)

    On January 27, 2022, the Government served Plaintiff with its first set of interrogatories and requests for documents. Pursuant to Rules 33(b)(2) and 6(d) of the Federal Rules of Civil Procedure, Plaintiff's responses were due by February 26, 2022. On March 4, 2022, the Government provided Plaintiff with an extension of 30-days (which was not requested) for his responses, making them due by March 28, 2022. No responses have been received to date.

    Additionally, on March 10, 2022, Plaintiff's counsel provided four authorizations for the release of medical records to the Government to permit the issuance of subpoenas to medical providers. However, three of those authorizations were for medical providers employed by the VA, for which authorizations were not required, as the Government has access to (and produced) those medical records. The Government issued a subpoena to the fourth provider and is awaiting responsive records. However, without Plaintiff's responses to the Government's discovery

requests as well as necessary authorizations, the Government cannot issue subpoenas for records concerning Plaintiff's medical treatment from providers outside of the VA healthcare system.

Despite repeated requests from the Government, Plaintiff has failed either to respond to the Government's discovery requests or to provide the necessary authorizations. In fact, the Government has received no communication from Plaintiff's counsel, apart from the authorizations detailed above, since February 17, 2022. Since then, the Government has called or written to Plaintiff's counsel regarding the need to move forward with discovery on March 4, April 4, April 21, May 4, May 6, and May 9, 2022. Additionally, on March 17, March 30, and April 6, 2022, counsel for co-defendants sent Plaintiff's counsel emails following up on the co-defendants' discovery requests. All of those communications have gone unanswered.[1]

In light of Plaintiff's failure to comply with his discovery obligations, the Government respectfully requests a conference with the Court so that the Government may seek an order under Rule 37(a) compelling Plaintiff to respond to the Government's interrogatories and document requests and to provide necessary medical authorizations. *See, e.g.*, *Freydl v. Meringolo*, No. 09 Civ. 7196 (BSJ) (KNF), 2011 WL 2566094, at *5 (S.D.N.Y. June 16, 2011) ("A motion to compel may be made if 'a party fails to answer an interrogatory submitted under Rule 33,' or 'fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.'" (citing Fed. R. Civ. P. 37(a)(3)).

In the alternative, the Government is prepared to move for dismissal of the action pursuant to Rule 41(b) based on Plaintiff's failure to prosecute. *See, e.g.*, *DuFour Grp., Inc. v. Thyssenkrupp Safway, Inc.*, No. 09 Civ. 9344 (DF), 2011 WL 812053, at *3 (S.D.N.Y. Mar. 3, 2011) (ordering dismissal for failure to prosecute unless the plaintiff, *inter alia*, delivered "responses to all discovery demands as to which . . . responses are overdue" by eight days after the court's order); *see also Yadav v. Brookhaven Nat'l Lab.*, 487 F. App'x 671, 672-73 (2d Cir. 2012) (summary order) (affirming Rule 41(b) dismissal where the plaintiff "failed to properly respond to the defendants' first set of discovery requests despite repeated prompting by the defendants, the district judge, and the magistrate judge").

---

[1] Plaintiff's counsel also failed to respond to the undersigned's repeated requests to meet and confer on May 6 and May 9, in advance of filing this request for a pre-motion discovery conference.

Thank you for your consideration of this matter.

                    Respectfully submitted,

                    DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
*Attorney for the Government*

By:   /s/ *David E. Farber*
       DAVID E. FARBER
       Assistant United States Attorney
       86 Chambers Street, 3rd Floor
       New York, New York  10007
       Tel.: (212) 637-2772
       E-mail: david.farber@usdoj.gov

CC: All counsel of record (by ECF)